Qin Chen
2246 Magnolia Bridge Drive
San Ramon, CA94582
Tel: 650-2916246, 408-5486126
Email: qchen97@yahoo.com

**FILED**     RECEIVED

NOV 0 9 2007     NOV 9 – 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

WAYNE D. BRAZIL
U.S. MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE **NORTHERN** DISTRICT OF **CALIFORNIA**

| | |
|---|---|
| **Qin Chen,** | ) Case No. C 07-2188-~~JSW~~ WDB |
| Plaintiff | ) |
| vs. | ) |
| Michael CHERTOFF, Secretary of | ) **MOTIONS FOR SUMMARY** |
| Department of Homeland Security; | ) **JUDGEMENT** |
| Emilio T. GONZALEZ, Director of the U.S. | ) **RESPONSE AND OPPOSITION TO** ) **UNITED STATES 'ANSWER' AND** |
| Citizenship and Immigration Services; | ) **'DISMISS FOR LACK OF SUBJECT** |
| Christina POULOS, Acting Director of USCIS | ) **MATTER JURISDICTION'** |
| California Service Center; and | ) |
| Robert S. MUELLER, III, Director of Federal | ) |
| Bureau of Investigation | ) |
| Defendants | ) |

## INTRODUCTION

Plaintiff, **Qin Chen**, submits this response and opposition to Defendants' 'Answer' and request to

'Dismiss Motion' because this Court has subject matter jurisdiction in this matter. Plaintiff seeks a Writ

of Mandamus to order Defendants to perform a duty they owe to her, namely to adjudicate her application

for adjustment of status ("I-485", case WAC0515452592.Case was filed on May 3, 2005.). Plaintiff seeks

this Writ because Defendants have a non-discretionary duty to adjudicate Plaintiffs' Applications and

Defendants have unreasonably delayed in processing the Application.

In this Brief, Plaintiff will show that Defendant's 'Answer' is invalid, and Defendant's 'Motion to Dismiss' should be denied. Petitioner has exhausted all other available remedies. She has "no other adequate means to attain the relief." *Allied Chemical Corp. v. Daiflon, Inc.* 449 U.S. 33, 35 (1980). Her right to grant of the writ therefore is **"clear and indisputable."**

## Facts and Background

1.   Plaintiff, **Qin Chen**, filed the Application for Adjustment of Status on **May 3, 2005**, which has been pending now for more than two and half years (30 months). This application is based on the principal applicant Qin Chen's approved form I-140 immigrant petition in the 8 U.S.C. § 1153(b)(1)(A) "Alien of Extraordinary Ability" category. The defendants have not provided any evidence contrary to Plaintiff's claim to have met all the statutory requirements for adjustment of status. Refer to Plaintiff's original Complain.

2.   In defendants 'Answer to Plaintiff's writ', the defendants claimed that the Plaintiff failed to respond to the USCIS request for additional evidence. USCIS set the deadline for this request as August 6th, 2007. Exhibit 1. However, Plaintiff provided all the required documents to USCIS on July 2nd, 2007, which was 1 month before the deadline. Exhibit 2. USCIS acknowledged about receiving the required documents on July 5th, 2007, and stated that Plaintiff should hear from USCIS within 60 days. Exhibit 3. However, the Plaintiff's case is still pending up to the present day. She has not heard anything from USCIS. The plaintiff addressed every issue from the USCIS request. Both sides (Judge Brazil and The Defendants' attorney) have received a copy of the documents which the Plaintiff provided to USCIS. Thus, the Plaintiff has a clear and certain claim for adjustment of status.

3.   The defendant USCIS failed to renew the Plaintiff's Employment Authorization Document (EAD) **on time** for consecutive two years, which put the Plaintiff's life and career under great jeopardy. Year 2006's renewal was delayed by 2 months, which made the Plaintiff lose her job, and health insurance for two months. Year 2007's renewal was delayed by 2 and half months. The renewal was made on time due to the request made by US attorney's office in the end.

Exhibit 4. The Plaintiff did everything she could do for this matter. She has exhausted all other available remedies. She has "no other adequate means to attain the relief." *Allied Chemical Corp. v. Daiflon, Inc.* 449 U.S. 33, 35 (1980).

4.    The most recent USCIS website case processing timetable shows that **Nebraska Service Center** is processing similar cases filed in December, 2006. Whereas, the Plaintiff's case was filed in May, 2005. It was delayed by19 months. Exhibit 5.

# Arguments

5. **This Court has jurisdiction over the mandamus action.** The defendants claimed 'complain should be dismissed for lack for subject matter jurisdiction'. However, they did not provide their legal analysis over their arguments. According to the Administrative Procedure Act, ("APA"), 'a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C.§702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). See also Brock v. Pierce County, 476 U.S. 253, 260 n.7, 106 S. Ct. 1834, 1839 n.7, 90L. Ed. 2d 248 (1986) (**Noting** that APA permits district court to compel agency action); The APA combined with 28 U.S.C § 1331 makes a federal district court have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. This statute (28 U.S.C. §1331) and the APA provide the court with jurisdiction to **COMPEL** agency action that is unreasonably delayed or withheld.

6. **Defendants (either the USCIS or the FBI) have a clear duty to adjudicate the Plaintiff's I-485 application or conduct her name check investigation within a reasonable time.** Although immigration (respectively, FBI) officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application (respectively, a name check), they DO have a

non-discretionary duty to process the application (respectively, the name check) within a

reasonable time. Fraga, 607F. Supp. At 521. See also Hsieh v. Kiley, 569 F. 2d 121, 99 S. ct. 102

(1978)(visa application); Nyaga v. Ashcroft, 186 F. supp. 2d 1244, 1252-53 (N. D. Ca. 2002),

vacated as moot, 323 F. 3d 906 (11th Cir. 2003) (Adjustment of Status). More recently, Alkenani

v. Barrows, 356 F. supp. 2d 652 ( Dallas, TX, February 14, 2005). Therefore, subject matter

jurisdiction is proper under the APA and 28 U.S.C. §1331. Hence, Defendant's argument to

"Dismiss the Motion" is NOT valid.

7. **Two and half years (30months) delay is NOT within a reasonable time.** Without defining

how long a delay may be too long, the defendant mentioned in the case management conference

that 'more than two years delay is not uncommon'. However, decisions made from other

jurisdictions suggest that delays approximating two years are unreasonable. See, e.g. Paunescu,

76 F. Supp. 2d at 902(2 years delay); Yu, 36F. Supp. 2d at 935 (21/2 year delay); Agbemaple,

1998 U.S. Dis. LEXIS 7953, 1998 WL 292441 *2 (20 month delay). On Palintiff's Adjustment of

Status application, the delay is longer than 30 months, and the delay is undoubtedly considered as

unreasonable.

8. **The current USCIS Processing Dates indicate this case delay is Unreasonable.**

**U.S. Citizenship and Immigration Services**
**California Service Center Processing Dates**
**Posted October 15, 2007**

| I-130 | Petition for Alien Relative | Permanent resident filing for an unmarried son or daughter over 21 | February 07, 2006 |
|---|---|---|---|
| I-131 | Application for Travel Document | All other applicants for advance parole | 3 Months |
| I-212 | Application for Permission to Reapply for Admission Into the U.S. After Deporation or Removal | Readmission after deportation or removal | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | October 11, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | 6 Months |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | 3 Months |
| | Application to Extend/Change | | |

**U.S. Citizenship and Immigration Services**
**Nebraska Service Center Processing Dates**
**Posted October 15, 2007**

| | | | |
|---|---|---|---|
| I-131 | Application for Travel Document | (HRIFA) dependent applying for advance parole | January 14, 2007 |
| I-131 | Application for Travel Document | All other applicants for advance parole | July 02, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | January 26, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | January 10, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | December 04, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | October 30, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | February 06, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | August 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | November 14, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | October 20, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | 6 Months |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | December 19, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | November 13, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on refugee admission more than 1 year ago | November 09, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Haitian Refugee Immigrant Fairness Act (HRIFA) | April 15, 2007 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Indochinese Adjustment Act | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | May 09, 2007 |
| | Application to Extend/Change | Change status to the F or M academic or | |

Both the California Service Center (where the Plaintiff's case was originally filed) and Nebraska Service Center (Where the Plaintiff's case is currently pending) are currently processing the case filed 19 months before the Plaintiff's case. Hence, the Plaintiff's case was unreasonably delayed. Furthermore, the defendants could not provide a time table for FBI to perform such name check.

9. **The Plaintiff's case is not restricted with visa number availability.** During the case management conference held on 10/08/2007, the defendants' attorney tried to use the fact that 2007 visa quota has run out as a reason for this delay. However, the Plaintiff's Adjustment of Status application is based on EB-1 (outstanding researchers), the highest category in all employment –based Adjustment of Status applications. Being in this category, **there is no restricted visa number.** (From consultation with immigration attorneys, and also Dang vs. USCIS case 2:06-cv-00217-RHW document 8, Washington, 10/20/2006) Yet, the defendant

jumped to conclusion for "Dismiss the Complaint". Therefore, the defendants request is NOT valid.

**10. If the Court decides to remand this case, it should set a strict timetable requiring action by both USCIS and FBI.** In past **30** months, Defendants have had more than sufficient time to complete Ms. Qin Chen's name check and make a decision on Plaintiffs' Application. However, Defendants failed to act on Plaintiffs' Applications in a timely manner, which caused the prolonged unreasonable delay on processing the Applications. Further, Defendants have no offer any sound explanation on why they have not make a decision on Plaintiffs Applications for past 30 months. They have not indicated when they expect Ms Qin Chen's name check to be completed and the Applications to be adjudicated. Remanding the matter to the USCIS and the FBI without a strict timetable and appropriate instructions would strip Plaintiff of any meaningful relief. The matter would in all likelihood continue to languish for years more. It would leave Plaintiff exactly where she was before she filed this lawsuit, with no indication of when, if ever, FBI and USCIS will complete Ms. Qin Chen's name check, and when after that, if ever, USCIS will adjudicate Plaintiff' Application.

Therefore, if the Court decides to remand this case back to USCIS and FBI, Plaintiff respectfully requests that the Court set a strict timetable requiring action by USCIS and FBI, as following:

-- USCIS should request immediately from FBI an expedited processing of Ms. Qin Chen's background check;

-- FBI should complete the Plaintiff's background check as soon as possible but not later than 30 days following the Order of this Court;

-- USCIS should adjudicate Plaintiffs' Application as soon as possible but not later than 30 days after FBI completed the background check, and report the decision to both Plaintiffs and to this Court.

## CONCLUSION

This Court has jurisdiction over the claims in the Complaint under both the Mandamus Act and the Administrative Procedures Act for the reasons set forth above and the Complaint should not be dismissed for lack of jurisdiction. The Complaint states a claim upon which relief may be granted.

Plaintiff respectfully requests that the Court deny Defendants' request to 'Dismiss the Plaintiff's complain'. Should this Court determine that the Complaint is subject to dismissal for failure to state a claim; Plaintiffs respectful request leave to amend the Complaint in order to respond to the Court's concerns. If the Court decides to remand this case to USCIS and FBI, Plaintiffs respectfully request that the Court set a strict timetable requiring action by USCIS and FBI.

DATED this 7th day of November, 2007.

Respectfully submitted,

Name Qin Chen

Address

2246 Magnolia Bridge Drive

San Ramon, CA94582

**Exhibit 1** Letter from USCIS

On May 14th, 2007, USCIS requested Plaintiff for additional documents for her I-485 application. USCIS set the deadline for the request as August, 6th, 2007.

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

May 14, 2007

Refer To File No. WAC0515452592

A098463498

QIN CHEN
C/O JING TAN ESQ
LAW OFFICES OF TAN
RE: QIN CHEN
401 N WASHINGTON ST STE 500
ROCKVILLE MD 20850

Dear Sir or Madam:

RE: Form: I485

    Beneficiary:   CHEN, QIN

## REQUEST FOR EVIDENCE

The documentation submitted is not sufficient to warrant favorable consideration of your petition/application.

### See Attachment for Details

### Your response must be received in this office by August 06, 2007.

Your case is being held in this office pending your response. Within this period you may:

1. Submit all of the evidence requested;
2. Submit some or none of the evidence requested and ask for a decision based upon the record; or
3. Withdraw the application or petition. (It is noted that if you request that the application or petition be withdrawn, the filing fee cannot be refunded).

You must submit all of the evidence at one time. Submission of only part of the evidence requested will be considered a request for a decision based upon the record. No extension of the period allowed to submit evidence will be granted. If the evidence submitted does not establish that your case was approvable at the time it was filed, it can be denied.

If you do not respond to this request within the time allowed, your case will be considered abandoned and denied. Evidence received in this office after the due date may not be considered.

**PLACE THIS LETTER ON TOP OF YOUR RESPONSE. SUBMISSION OF EVIDENCE WITHOUT THIS LETTER WILL DELAY PROCESSING OF YOUR CASE AND MAY RESULT IN A DENIAL. PLEASE USE THE ENCLOSED ENVELOPE TO MAIL ADDITIONAL EVIDENCE REQUEST BACK TO THIS OFFICE.**

Sincerely,

*F. Gerard Heinauer*

F. Gerard Heinauer
Director
NSC/KLD EX233

Nebraska Service Center

www.uscis.gov

Receipt Number: WAC0515452592

# Attachment

1. You must submit a currently dated letter from your intended permanent employer, describing your present job duties and position in the organization, your proffered position (if different from your current one), the date you began employment and the offered salary or wage. This letter should be in the original and signed by an executive or officer of the organization who is authorized to make or confirm an offer of permanent employment. The letter must also indicate whether the terms and conditions of your employment-based visa petition (or labor certification) continue to exist.

2. You must submit a properly completed Form G-325A, Biographic Information Sheet for yourself. Your original signature is required on the Form G-325A. Photocopied signatures are not acceptable. Blank immigration forms and information are available online from the official Service website: www.uscis.gov. You may also order immigration forms by phone at 1-800-870-3676.

3. You must submit a Form I-693, Medical Examination of Aliens Seeking Adjustment of Status. The medical examination and Form I-693 must be completed by a designated civil surgeon. For information about civil surgeons in your area, please inquire at your local Citizenship and Immigration Services (CIS) office or call the CIS National Customer Service Center at 1-800-375-5283. You will be asked to enter your zip code; have a pencil and paper ready to write down the information provided. Information on Form I-693 and civil surgeon listings are also available online at www.uscis.gov. Click on "search," enter "civil surgeons" and a variety of links will be displayed.

4. In addition, you must submit a Supplemental Form to I-693, Adjustment of Status Applicant's Documentation of Immunization. The civil surgeon must indicate the results of his/her analysis of your vaccine history in Part 3 and sign the supplement. Signatures by a nurse or physician's assistant are not acceptable. Photocopies are not acceptable. The Form I-693 and Supplemental Form to I-693 must be submitted as detailed in "Important Warning" statement below.

*** Tuberculin (TB) Skin Test Requirement: In accordance with Title 42, Code of Federal Regulations, part 34.3(b)(2)(i), the civil surgeon must indicate the results of a tuberculin (TB) skin test on Form I-693 for any applicant who is two years of age or older. A Form I-693 without TB skin test results is not acceptable. Additionally, a chest x-ray alone, without the required TB skin test, is not sufficient. The TB skin test may be excused only if medically contraindicated.

*** IMPORTANT WARNING: Only a designated civil surgeon authorized by CIS to conduct medical examinations is qualified to complete the Form I-693 and the Supplemental Form to I-693 as indicated above. The civil surgeon should apply his or her original signature (or signature stamp) and date the forms when completed. You must also sign the Form I-693 on the "application certification" line. When appropriately completed and signed, the ORIGINAL Form I-693 and the Supplemental Form to I-693 must be sealed in a separate envelope by the civil surgeon. The sealed envelope must bear the clinic/physician's stamp or signature across the flap and be returned, unopened, to this office with any other requested evidence.

6. Please submit proof of your continuous employment authorization in the U.S. from January 2001 to May 26, 2005 and from May 27, 2006 to the present. Such evidence may include copies of:

  · Employment Authorization Documents (Forms I-688 or I-766) granted to you by this Service
  · Form I-797 approval notices, showing you were granted status in an employment-authorized nonimmigrant classification
  · Copies of Form I-94 Arrival/Departure Records showing you were admitted to the U.S. in an employment-authorized nonimmigrant status

**Exhibit 2**

The Plaintiff sent the requested documents to USCIS on June 29th, 2007 via FedEx.
Immigration lawyer Daniel Maranci helped her file the documents.
Later, plaintiff sent the Judge and the defendants' attorney each a copy of the documents she filed to USCIS.

\*\*\* Shipped with PS|Ship® - <http://www.psship.com> \*\*\*

Page 2 of 2

| | | | |
|---|---|---|---|
| **Ship Date:** | 06/29/2007 | **Vendor:** | FedEx |
| **Recipient:** | USCIS | **Airway Bill:** | 790281698826 |
| | Department of Homeland Security | **Courtesy Quote:** | $10.73 |
| | 850 S Street - Box 82521 | | |
| | Lincoln NE 68508 | | |
| | 6173481885 | | |
| **From:** | Daniel Maranci | | |
| | Mintz Levin | | |
| **Billing:** | 09999-515 | | |
| | FIRM-GENERAL | | |
| **Operator:** | DMaranci | | |

**Billing Note:**  Qin Chen RFE response

# Legal Terms and Conditions

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

Simon K. Lee, M.D.
1828 El Camino Real, Ste. 406
Burlingame, Ca. 94010

Applicant: Chen, Qin

Attn: Immigration Office

# MINTZ LEVIN

Daniel Maranci | 617 348 1885 | dmaranci@mintz.com

One Financial Center
Boston, MA  02111
617-542-6000
617-542-2241 fax
www.mintz.com

June 29, 2007

**VIA FEDERAL EXPRESS**

U.S. Department of Homeland Security
Citizenship and Immigration Services
Nebraska Service Center
850 S Street
Lincoln, Nebraska 68508

      Re:    <u>**Response to Request for Evidence**</u>

              **I-485 Adjustment**
              **Receipt No. WAC0515452592**
              **Applicant: Qin CHEN**

Dear Sir or Madam:

      Enclosed please find my executed form G-28, entering my appearance in this case as counsel of record.  Also enclosed is an Affidavit from Ms. Chen, describing her maintenance of lawful stats in the U.S., with supporting documents including forms I-20, and CIS receipt and approval notices.   In addition, as requested, I have attached completed form G-325, Birth Certificate, passport pages, and medical exam results.

      You have also requested a letter from Ms. Qin's employer regarding the terms and conditions of employment.  As the immigrant petition supporting this adjustment if status case is an Extraordinary Ability Self-Petition, we have attached a letter from her current employer, MDS Sciex, that confirms she continues to work in the Field of Biomedical Engineering.  Since this is a Self Petition, she must continue to work in the field for which the I-140 was filed and this letter confirms that.  The requirement is not the same as in specific employer-sponsored AC-21 job flexibility cases.

      Thank you for your consideration of this application, and we would appreciate rapid adjudication of it, as the applicant's work authorization expires within three weeks.
If there is any additional information or material you require, please contact me directly.

                        Sincerely yours,

                        Daniel Maranci

ACTIVE 4081965v.1

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re:   I-485 application | Date: |
|---|---|
| | File No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name:   Qin CHEN | ☐ Petitioner     ☒ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address: (Apt. No.)      (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 2246 Magnolia Bridge Dr. | San Ramon | CA | 94582 |

| Name: | ☐ Petitioner     ☐ Applicant |
|---|---|
| | ☐ Beneficiary |

| Address: (Apt. No.)      (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

**Massachusetts** _____ **Supreme Judicial Court** _____ and am not under a court or administrative agency
                                        *Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
   the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | Mintz Levin Cohn Ferris Glovsky & Popeo PC |
| | One Financial Center, 40th Floor |
| | Boston, MA 02111 |
| NAME (Type or Print)    Daniel Maranci | TELEPHONE NUMBER    (617) 348-1885          Fax:  (617) 542-2241 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

**Daniel Maranci**

*(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
All Immigration Matters

| Name of Person Consenting    Qin CHEN | Signature of Person Consenting | Date    6/25/07 |
|---|---|---|

| NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.) |
|---|

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

**Exhibit 3** Plaintiff's current I-485 case status (acquired from USCIS website)

USCIS acknowledged about receiving the requested documents on July 5th, 2007. USCIS stated that the Plaintiff should hear from them about the decision on the case within 60 days. However, up to present (November, 7th, 2007), the Plaintiff has not heard anything from USCIS.

# Case Status Search

Receipt Number:    WAC0515452592

Application Type:    I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS

Current Status:
Response to request for evidence received, and case processing has resumed.

On July 5, 2007, we received your response to our request for evidence. We will notify you by mail when we make a decision or if we need something from you. If you move while this case is pending, call customer service. You should expect to receive a written decision or written update within 60 days of the date we received your response unless fingerprint processing or an interview are standard parts of case processing and have not yet been completed, in which case you can use our processing dates to estimate when this case will be done. This case is at our NEBRASKA SERVICE CENTER location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

---

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

**Exhibit 4** emails exchange between US attorney and the Plaintiff after her complain was filed.

The Plaintiff sent the EAD renewal application on 02/01/07. Her EAD expires in July. Such renewal case usually requires 90days processing time. However, she did not receive the renewal even until June. The emails were about the unreasonable delay for the Plaintiff's EAD renewal. USCIS issued the plaintiff EAD renewal after US attorney made the request, which was just 5 days before the old expire. If the Plaintiff had not filed her complaint, she may have had the same devastating experience again as she had in 2006.

**From:** Qin Chen [mailto:qchen97@yahoo.com]
**Sent:** Friday, June 15, 2007 5:21 PM
**To:** Chiu, Tiffani (USACAN)
**Subject:** another concern from chenqin

Hello, Tiffani

Thank you very much for returning my call. I really appreciate it. I talked to the lawyer in my current company and we think we need to raise another issue to your concern.

My current empolyment is based on my Employment authorization document (EAD) which will expire soon (7/17/07). I applied for the renewal in california service center on February 1st, 2007, but still have not received the renewed one yet. According to the rule in USCIS, this type of renewal case takes max. 90 days to process, and my case was seriously delayed. It will make the situation very difficult and complicated for me and my empolyer, if i could not get the renewal on time.

We were wondering if there is any possibilty that we can expedite my EAD application, so that i can remain in my current position without too much complications.

Thank you very much.

Sincerely

Qin

| | |
|---|---|
| **Subject:** | RE: another concern from chenqin |
| **Date:** | Wed, 20 Jun 2007 10:20:36 -0700 |
| **From:** | "Chiu, Tiffani (USACAN)" <Tiffani.Chiu@usdoj.gov> 🖼Add to Address Book  📱Add Mobile Alert |
| **To:** | "Qin Chen" <qchen97@yahoo.com> |

CIS informed me that they're working on your EAD.

| | |
|---|---|
| **Subject:** | RE: additional evident files |
| **Date:** | Thu, 5 Jul 2007 14:33:34 -0700 |
| **From:** | "Chiu, Tiffani (USACAN)" <Tiffani.Chiu@usdoj.gov> 🖼Add to Address Book  📱Add Mobile Alert |
| **To:** | "Qin Chen" <qchen97@yahoo.com> |

Ms. Chen,

Your ead was approved today.  You should be getting your notification soon.

Tiffani

**Receipt Number: WAC0780004449**

**Application Type: I765, APPLICATION FOR EMPLOYMENT AUTHORIZATION**

**Current Status: Approval notice sent.**

On July 10, 2007, we mailed you a notice that we have approved this I765 APPLICATION FOR EMPLOYMENT AUTHORIZATION. Please follow any instructions on the notice. If you move before you receive the notice, call customer service.

You can choose to receive automatic case status updates, which will be sent via email. Please click here to create an account online.

**Exhibit 5** Case processing time table (for California, and Nebraska service center) posted on USCIS website

**Nebraska Service Center** is processing similar cases filed in December, 2006. However, the Plaintiff's case was filed in May, 2005. It was delayed by19 months. California Service Center is processing similar cases filed within 6 months. The plaintiff's case was delayed by 24 months.

Case 4:07-cv-02188-WDB    Document 16    Filed 11/09/2007    Page 22 of 25

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Nebraska Service Center** Posted October 15, 2007

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | November 06, 2006 |
| I-90 | Application to Replace Permanent Resident Card | 10-year renewal | December 27, 2005 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | 6 Months |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | 3 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | 15 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | May 14, 2006 |
| I-131 | Application for Travel Document | Permanent resident applying for a re-entry permit | May 07, 2007 |
| I-131 | Application for Travel Document | Refugee or aslyee applying for a refugee travel document | May 07, 2007 |
| I-131 | Application for Travel Document | Haitian Refugee Immigrant Faimess Act (HRIFA) principal applying for advance parole | July 02, 2007 |
|  |  | Haitian Refugee Immigrant Faimess Act |  |

| I-131 | Application for Travel Document | (HRIFA) dependent applying for advance parole | January 14, 2007 |
|---|---|---|---|
| I-131 | Application for Travel Document | All other applicants for advance parole | July 02, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | January 26, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | January 10, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | December 04, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | October 30, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | February 06, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | August 01, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | November 14, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | October 20, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | 6 Months |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | December 19, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | November 13, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on refugee admission more than 1 year ago | November 09, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Haitian Refugee Immigrant Fairness Act (HRIFA) | April 15, 2007 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Under the Indochinese Adjustment Act | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | May 09, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | May 09, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | May 09, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | May 09, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | May 09, 2007 |
| | Application to Extend/Change | Extension of Stay for F or M academic or | |

Case 4:07-cv-02188-WDB    Document 16    Filed 11/09/2007    Page 24 of 25

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **California Service Center** Posted October 15, 2007

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 20, 2006 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | 3 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | 15 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | 2 Months |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | April 12, 2007 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | 6 Months |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | January 17, 2003 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | April 30, 2001 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | April 30, 2001 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | January 01, 2005 |

| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | February 07, 2005 |
|---|---|---|---|
| I-131 | Application for Travel Document | All other applicants for advance parole | 3 Months |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | October 11, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | 6 Months |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | 3 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | 3 Months |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | January 28, 2007 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | 6 Months |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | 30 Days |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | 11 Weeks |
| I-765 | Application for Employment | All other applications for employment | 11 Weeks |