SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QIN CHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Secretary of Department of Homeland Security; EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Acting Director of USCIS, California Service Center; and ROBERT S. MUELLER, Director of the Federal Bureau of Investigation,<br><br>　　　　Defendants. | No. C 07-2188 WDB<br><br>OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

As an initial matter, Defendants seek dismissal of Defendant Mueller. On March 1, 2003, the Department of Homeland Security and, under it, the U.S. Citizenship and Immigration Services ("USCIS"), assumed responsibility for the adjustment program. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d). Plaintiff has not identified any statute or regulation establishing a nondiscretionary duty on the part of the FBI to process name checks for adjustment of status applications. *See Clayton v. Chertoff*, 2007 WL 2904049 at *3 (N.D. Cal. Oct.1, 2007). Instead, the FBI's involvement in adjudicating I-485 applications arises by contract between USCIS and the FBI. Accordingly, this Court has no jurisdiction to compel the FBI to complete the background check and


the claims against Defendant Mueller are dismissed. *Konchitsky v. Chertoff*, 2007 WL 2070325, at *6 (N.D.Cal. Jul 13, 2007).

The Defendants recognize this Court's decision in *Razaq v. Poulos*, 2007 WL 61884, at *4 (N.D. Cal. Jan. 8, 2007) ("Congress had to have intended the executive branch to complete these 'adjudications' within a reasonable time-because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide.... A 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide."). In this case, however, Defendants have provided the declaration of F. Gerard Heinauer, the Director of the Nebraska Service Center, who attests that he has reviewed the records regarding Plaintiff's I-485 application, and that to date, required security checks have yet to be completed, which prevents USCIS from adjudicating Plaintiff's application. (Heinauer Decl. ¶ 16.).

In addition, Defendants submitted the Declaration of Michael Cannon, Section Chief of the FBI's National Name Check Program. Mr. Cannon explains that 68 percent of all USCIS-initiated name checks are returned within 48-72 hours as having no record. (Cannon Decl. ¶ 13.) After the second stage of the process in conducted, that percentage rises to an overall 90 percent "no response" rate. (*Id.* ¶ 14.) Thus, the remaining 10 percent are identified as possibly being the subject of an FBI record. (*Id.* ¶ 15.) At that point, the FBI record must be retrieved and reviewed, which may require retrieving paper files. (*Id.*) Here, Plaintiff falls into the narrow class of individuals whose name checks require more intense review. (*Id.* ¶ 41)

Thus, even accepting as true all of Plaintiff's factual allegations, Defendants have provided sufficient evidence to demonstrate that any delay in adjudicating Plaintiff's I-485 application is not due to agency inaction, but rather to the time required to resolve all concerns of a law enforcement or national security nature. *Eldeeb v. Chertoff*, 2007 WL 2209231, at *5 (M.D. Fla. July 30, 2007). Therefore, Plaintiff's suit simply seeks to force USCIS to complete the adjudication in a more expeditious manner. As long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion, and any delay is reasonable.

///

DEFENDANTS' OPPOSITION
07-2188 WDB                                               2

1 | For the foregoing reasons, the Government respectfully asks the Court to dismiss Defendant
2 | Mueller, and grant the remaining Defendants' motion for summary judgment as a matter of law.

4 | Dated: November 20, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

*/s/ Melanie Proctor for*
EDWARD A. OLSEN
Assistant United States Attorney
Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

<u>**Qin Chen v. Michael Chertoff, et al.**</u>
**C 07-2188 WDB**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **PERSONAL SERVICE (BY MESSENGER)**

___ **FEDERAL EXPRESS via Priority Overnight**

___ **FACSIMILE (FAX)**   Telephone No.: See Below

to the party(ies) addressed as follows:

Qin Chen
2246 Magnolia Bridge Drive
San Ramon, CA 94582

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2007 at San Francisco, California.


/s/

MANIK BOWIE
Legal Assistant