DECLARATION OF F. GERARD HEINAUER

F. GERARD HEINAUER, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am employed by the Department of Homeland Security ("DHS"), Citizenship and Immigration Services Division ("USCIS"), as the Director of the Nebraska Service Center in Lincoln, Nebraska. It is in that capacity and based upon reasonable inquiry and my knowledge, information and belief that I provide this declaration.

2. I have been employed by USCIS, and previously by the legacy Immigration and Naturalization Service, since 1975, in various capacities including: Border Patrol Agent, Immigration Examiner, Deputy District Director (Rome, Italy), District Director (Omaha, Nebraska), Acting District Director (Chicago, Illinois), and Service Center Director.

3. The Director of USCIS is a named defendant in the case Qin Chen v. Chertoff, et al., 07-02188, presently pending in the United States District Court for the Northern District of California. Plaintiff, Qin Chen, seeks to have her pending Form I-485, Application for Adjustment of Status, adjudicated.

4. Plaintiff filed her Form I-485 at the California Service Center on May 3, 2005, through a Maryland

attorney of record who has not withdrawn from his representation of the alien before the agency. The Form I-485 was assigned receipt number WAC 05-154-52592. Due to a shift in workloads at the Service Centers, Plaintiff's application was transferred to the Nebraska Service Center on March 2, 2007, and remains pending.

5. Incident to her status an alien in the United States who has a pending application for adjustment of status, Plaintiff has applied for and been granted employment authorization documents (valid for employment with any U.S. employer). Plaintiff's current work permit is valid through July 17, 2008. Although eligible, Plaintiff does not currently possess an advance parole travel document, nor does she have an application pending with USCIS to obtain a travel document.

6. Plaintiff's adjustment of status application is based on a Form I-140 immigrant visa petition for alien worker filed on March 11, 2004, by Plaintiff, as a self-petitioner, as a second preference applicant. The visa petition was approved March 21, 2005. The goal of the I-140 and I-485 filings is to obtain lawful permanent resident ("green card") status for Plaintiff

and any qualified dependent spouse or child through his employment in the United States.

7. By statute, only about 140,000 aliens and their derivative relatives can get green cards through employment-based categories during each fiscal year, with percentage limits set by Congress per country and within each preference category. Unused visa numbers under the annual quota do not carry over from one fiscal year to the next. Every attempt is made to maximize number use under the annual numerical limit. These visa numbers are tracked and issued by the Department of State. The priority date for visa number purposes in Ms. Chen's case is March 11, 2004.

8. Visa numbers for second preference workers from China will be unavailable for the month of December 2007 due to a visa retrogression from the U.S. State Department. In September 2007, the Department of State indicated there would be visa numbers for second preference Chinese workers available for petitions bearing priority dates earlier than January 1, 2006. USCIS will not be able to complete Plaintiff's case in December 2007. Her case can't be completed until a visa number becomes available to her.

9. The purpose of the Form I-140 and Form I-485 filings is to obtain lawful permanent resident status ("green cards") for the alien worker and any qualified derivative spouse and children.

10. There must be a visa number available in the relevant category at the time an employment-based adjustment of status application (Form I-485) is filed. Consular officers abroad and USCIS are required to report to the Department of State applicants for immigrant visas abroad and for adjustment of status within the United States in the numerically limited visa categories so that the Department of State can administer the availability of immigrant visas and advise the public of the likely future flow of numbers in the various categories by means of the monthly visa bulletin.

11. After security checks are completed and all necessary evidence is obtained and evaluated, the application for adjustment of status may be approved, in the exercise of discretion, if a visa number is available at that time and is authorized by the Department of State for the specific applicant.

12. Plaintiff was able to file her Form I-485 concurrently with her Form I-140 on March 11, 2004, because visa numbers were current for all second preference workers

according to the February 2004 visa bulletin. However, according to the December 2007 visa bulletin, the new fiscal year cut-off dates for the second preference Chinese applicant will regress to January 1, 2003.

13. When an alien applies for adjustment of status, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for the immigration benefit and that he or she is not a risk to national security or public safety. In addition to records checks against DHS's own immigration systems, these background checks currently include (a) a Federal Bureau of Investigation (FBI) fingerprint check, (b) a check against the DHS-managed Interagency Border Inspection System (IBIS) that contains records and "watch list" information from more than twenty federal law enforcement and intelligence agencies, and (c) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS.

14. Since 9/11, USCIS has submitted millions of name check requests to the FBI, thus taxing that agency's resources and creating a backlog in FBI's performance of complete security checks. During the initial

submission period of December 2002 and January 2003, USCIS submitted almost 3 million names to the FBI. Delays in adjudication caused by pending FBI name checks are lengthy in some cases. As of May 2007, USCIS reported 329,160 FBI name check cases pending, with 31,144 FBI name checks pending more than 33 months.

15. Plaintiff's name check request was electronically submitted to the FBI on May 13, 2005. The FBI acknowledged receipt of the name check on May 18, 2005. The FBI name check remains pending.

16. There are five USCIS regional Service or Benefit Centers throughout the United States, each of which has jurisdiction over certain applications and petitions filed by persons or companies within its respective geographic jurisdiction, and/or exclusive nationwide jurisdiction over other types of applications. These Centers adjudicate cases on a mail-in basis only; they do not conduct in-person interviews. Employment-based adjustment of status cases like Plaintiff's are handled at the Nebraska and Texas Service Centers.

17. The Nebraska Service Center employs over 1,000 federal and contract workers and currently has The Nebraska Service Center currently has approximately 187,930

employment-based Form I-485 adjustment of status cases pending, about 70,579 of which are still awaiting completion of FBI name checks before they can be adjudicated. Of an additional 85,895 (estimated) pending asylum/refugee-base Form I-485 adjustment of status cases, there are approximately 8,061 awaiting responses on FBI name checks. Of a total figure of 84,355 naturalization filings being processed at the Nebraska Service Center, there are approximately 21,728 awaiting responses on FBI name checks. Cases in which the pending FBI name check is the only impediment to final adjudication are audited on a weekly basis in order to identify those in which a response from the FBI has been received. Once the security checks are completed, the case can be evaluated for visa number availability.

18. In an attempt to generate increased demand by USCIS for adjustment of status cases before the end of the fiscal year, the Department of State opened all employment-based visa preference categories (with one exception not relevant here) for all countries in the July 2007 visa bulletin. As the result of a USCIS backlog reduction effort during June 2007 through July 1, 2007, involving almost 60,000 cases, the Department of State

announced on July 2, 2007, that there would be no further authorizations of visa numbers during July. Nevertheless, USCIS continued to permit new applicants for adjustment of status to apply under the July 2007 visa bulletin's "current in all categories" listing for purposes of meeting the requirement that a visa number be available at the time of filing the adjustment of status application.

19. Visa number allocation requests are made at the time a case is deemed to be finally approvable for adjustment of status, if visa numbers are available in the applicable preference and per country category on that date. The Nebraska Service Center was operating and visa number requests were made on Sunday, July 1, 2007, for cases that were deemed ready for final adjudication. Visa numbers were unavailable for all employment-based categories during August 2007. Visa numbers will be unavailable for second-preference Chinese cases during December 2007.

20. USCIS is processing Plaintiff's adjustment of status application in accordance with standard procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Lincoln, Nebraska
on this 29th day of November, 2007.

F. Gerard Heinauer
Service Center Director
Nebraska Service Center