UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIN CHEN, | No. C 07-2188 WDB |
| Petitioner, | ORDER RE PETITIONER'S PENDING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et al., | |
| Respondents. | |

**FACTUAL BACKGROUND**

Petitioner Qin Chen, appearing pro se, is a citizen of the People's Republic of China. She came to the United States as a student at the University of California - Davis, and graduated with a masters degree in chemistry and a Ph.D. in electrical engineering. Petitioner is employed as a research assistant.

On March 11, 2004, petitioner filed an I-140 "Immigrant Petition for Alien Worker" on her own behalf.[1] She also filed an employment-based I-485 "Application

---

[1] A person may file an I-140 petition on her own behalf if she:
1. Has extraordinary ability in the sciences, arts, education, business, or athletics demonstrated by sustained national or international acclaim, whose achievements have been recognized in the field; or
2. Is a member of the profession holding an advanced degree or is claiming exceptional ability in the sciences, arts, or business, and is seeking an exemption of the requirement of a job

1

To Register Permanent Residence or Adjust Status" with the United States Citizen and Immigration Services ("USCIS"), California Service Center.[2] Petitioner sought an adjustment of status to a lawful permanent residency because of her employment with a U.S. company. Her I-140 was granted, but the USCIS has not adjudicated petitioner's I-485 application.

The general requirements for employment-based adjustment of status applications are that the alien is the beneficiary of an approved I-140 petition, is in lawful immigration status, has a visa number immediately available under the annual per-country and preference category quota, and is not inadmissible to the United States under listed statutory grounds that include health-related, criminal, and national security provisions. Declaration of F. Gerard Heinauer in Support of Respondent's Motion for Summary Judgment, filed on 11/09/07 ("Heinauer Decl.") at ¶6. According to the USCIS, two factors have impeded its ability to finally adjudicate petitioner's application: (1) the FBI has not completed its "name check" security review and (2) visas are not available in petitioner's employment-based "preference" category.

Petitioner filed a "Petition for a Writ of Mandamus to Compel Administrative Action" on April 7, 2007, asking this Court to compel respondents to make a determination on petitioner's I-485 application. Petitioner's petition for a writ of mandamus is brought under the federal question statute, 28 U.S.C. § 1331; the Mandamus Act, 28 U.S.C. §1361; 28 U.S.C. § 1651; the Administrative Procedures Act, 5 U.S.C. §§ 555, 701 *et seq.;* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

On November 9, 2007, petitioner and respondents filed their respective Motions for Summary Judgment. Respondents timely filed their opposition to petitioner's

---

offer in the national interest.

*See* USCIS Form I-140 Instructions (Rev. 10/12/07), http://www.uscis.gov.

[2]Petitioner's application was subsequently transferred to the Nebraska Service Center.

motion. Although petitioner did not file an opposition to respondents' motion, respondents filed a reply brief. The motions were deemed submitted on November 30, 2007.

On December 11, 2007, the Court denied respondents' motion for summary judgment, and deferred ruling on petitioner's motion pending limited discovery on whether petitioner belongs in the "first preference" or "second preference" category for employment-based Chinese applicants. Petitioner was given an opportunity to resubmit that issue via a motion for summary judgment following discovery if she developed sufficient evidence to support such a motion. See, Order re Cross Motions for Summary Judgment, filed December 11, 2007. Because petitioner did not file any such motion with the Court, we assume she concedes that she belongs in the "second preference" category for employment-based applicants.

In its December 11, 2007, Order the Court also scheduled a case management conference for February 26, 2008. In response to two requests from the parties, the Court continued this conference to March 17, 2008, and then to April 21, 2008. See, Stipulation and Order, filed February 21, 2008, and Stipulation and Order, filed March 13, 2008.

On April 7, 2008, the government filed the parties' joint case management conference statement. ("April 7th Joint Statement"). The parties provided updated information pertaining to both alleged impediments -- the pending FBI name check and visa availability. The parties also requested that the Court continue to defer ruling on petitioner's motion.

### **FBI name check**

The Court is prepared to rule in connection with the portion of petitioner's motion seeking an order directing the government to complete its name check and adjudicate petitioner's I-485 application (so that, assuming her application is approved, she might be poised to receive a visa when one becomes available).

1  However, according to the government, the USCIS has recently implemented a new
2  policy designed to respond to the substantial number of immigration applications that
3  have been delayed for processing by the FBI's inability to complete many applicants'
4  name checks in a timely manner.  See, Declaration of Michael A. Cannon, filed
5  November 9, 2007, attached to Defendants' Motion for Summary Judgment,
6  (describing name check program and FBI's backlog).
7      Under USCIS' new policy, an applicant for immigration benefits who is
8  otherwise eligible for those benefits but whose application cannot be adjudicated
9  because the FBI has not yet returned the applicant's name check results will be
10 approved for the benefit sought.  See, USCIS "Interoffice Memorandum," dated
11 February 4, 2008, attached as Exhibit to April 7th Joint Statement.  The government
12 represents that petitioner is eligible to have her I-485 application approved but for the
13 FBI name check and indicates that <u>once a visa becomes available</u> the USCIS will
14 adjudicate her application "even if petitioner's name check is still pending."  April 7th
15 Joint Statement at ¶13.[3]
16     Pursuant to USCIS' new policy it would not be necessary for the Court to
17 compel the government <u>to complete the FBI name check</u> so that USCIS could decide
18 petitioner's application.
19
20                 **<u>visa availability</u>**
21     United States employers may file a petition to hire foreign workers using Form
22 I-140.  Similarly, U.S. citizens and green card holders can file petitions for certain
23 family members using Form I-130.  The filing of a petition (or of the labor
24 certification application for employment-based petitioners) establishes a "priority
25
26
27
28     [3]The government does not intend to forego the name check altogether.  If when the FBI finally returns the results the FBI's information indicates that the applicant was not eligible for immigration benefits, the government will begin a process by which it can rescind previously granted benefits.  See, Exhibit to April 7th Joint Statement.

4

date." Priority dates determine a beneficiary's "place in line" relative to other beneficiaries in the same category and nationality for visa allocation.

The Immigration and Nationality Act ("INA") establishes formulas relating to and limits on the annual number of employment-based visas and certain family-based visas in order to regulate immigration to the United States. The Department of State ("DOS") allocates these visas by estimating how many immigrant visas will be available and publishes the results in a monthly "Visa Bulletin." If the number of visas available in a category exceeds demand for them, the Visa Bulletin will indicate that the category is "current." A petition in a current category filed today can be processed for a visa today. If the demand for visas exceeds what is available in a category, the Visa Bulletin will indicate a cutoff date and the issuance of visas is restricted to applicants whose priority dates are <u>earlier</u> than the cutoff date. Petitions with priority dates after the published date must wait until DOS advances the posted date to obtain a visa. However, cutoff dates also can "retrogress," which occurs when the actual number of applications received exceeds the number DOS estimated would be used for the visas available.

Only about 140,000 aliens and their derivative relatives can get permanent residency through their employment-based applications during each fiscal year. Heinauer Decl., at ¶18. This total number is divided per country and per preference category by Congress.[4] *Id.* There must be a visa number available in the relevant category at the time an employment based I-485 application is filed.[5] Declaration of F. Gerard Heinauer, filed November 29, 2007, attached to Defendants' Reply, ("Suppl. Heinauer Decl."), at ¶10. Consular officers abroad and USCIS are required

---

[4] China is usually oversubscribed and the numbers of visas are generally more available in the first and second employment-based categories (aliens of extraordinary or exceptional ability and advanced degree professionals) than in the third preference (skilled workers with 2 years of experience or training and professionals with a baccalaureate degree). *Id.*

[5] Visas were available in the Second Preference category for Chinese workers on March 11, 2004, when Petitioner filed her application(s). However, during the 48 months that petitioner has been waiting for adjudication of her applications visa availability in this category has become oversubscribed.

5

to report to the Department of State applicants for immigrant visas abroad and for adjustment of status within the United States in the limited visa categories so that the Department of State can administer the availability of immigrant visas and advise the public of the likely future flow of numbers in the various categories. *Id.*

In September 2007, the Department of State indicated that there would be visa numbers for second preference Chinese workers available for petitions bearing priority dates earlier than January 1, 2006. Suppl. Heinauer Decl., at ¶8. Petitioner did not obtain a visa at this time because USCIS had not yet approved her application. Subsequently, the Department of State announced that the cut-off date for second preference Chinese applicants regressed to January 1, 200<u>3</u>. Suppl. Heinauer Decl. ¶¶ 8, 12. Petitioner's priority date for visa number purposes is the date of filing of her I-140 application -- March 11, 2004. Suppl. Heinauer Decl., at ¶7. Because petitioner's priority date is March 200<u>4</u>, she would not have been eligible for a visa when the cut-off date regressed to January 1, 2003, *even if* USCIS otherwise had completed processing her application.

Because USCIS represents that it will now grant <u>eligible</u> petitions awaiting only FBI name check results, it appears that petitioner will receive a visa when one becomes available in her preference category. See, April 7th Joint Statement. The April 2008 Visa Bulletin provides that the cutoff date for second preference Chinese workers now is December 1, 2003. See, April 2008 Visa Bulletin. The Court is encouraged by the eleven month jump. However, because the priority date for second preference Chinese applicants is December 1, 2003, and petitioner's priority date is March 11, 2004, a visa number still is not available to petitioner under the second preference category. USCIS cannot complete petitioner's case before a visa number becomes available to her. *Id.*

The parties ask the Court to defer ruling on petitioner's motion in order to await information about visa availability contained in the May Visa Bulletin. April 7th Joint

1  Statement at ¶14. The Court GRANTS the parties' request and will refrain from
2  ruling on petitioner's motion at this time.
3      The Court will proceed with the case management conference scheduled for
4  **April 21, 2008, at 1:30 p.m**. The parties may appear by telephone. Counsel for the
5  government must initiate the conference call and must telephone the Court with
6  petitioner on the line at (510)-637-3909.
7
8                                        **CONCLUSION**
9      For the reasons stated above, the Court GRANTS the parties' request to delay
10 ruling on petitioner's motion for summary judgment.
11     **On April 21, 2008 at 1:30 p.m.,** the Court will conduct a case management
12 conference to assess the status of Petitioner's case *unless,* by April 18, 2008, the
13 parties have notified the Court that the government has completed adjudication of the
14 I-485 petition.
15 IT IS SO ORDERED.
16 Dated: April 9, 2008

                                              _____
                                              WAYNE D. BRAZIL
                                              United States Magistrate Judge

copies to:
parties of record,
wdb, stats